OPINION
Appellant, Dennis J. Moore, appeals a decision of the Lake County Court of Common Pleas finding him to be a sexual predator. On May 16, 1989, appellant pleaded guilty in the Lake County Court of Common Pleas to one count of rape, in violation of R.C. 2907.02. On August 31, 1989, the trial court sentenced him to an indefinite term of eight to twenty-five years of incarceration.
On October 7, 1998, a hearing was held, pursuant to the recommendation of the Department of Corrections, to determine whether appellant should be adjudicated a sexual predator under R.C. 2950.09. At the hearing, neither party presented witnesses, but relied on documentary evidence. The evidence submitted by the prosecution reveals that appellant repeatedly engaged in sexual conduct with his stepsister for about five years beginning when she was three or four-years-old and he was thirteen or fourteen-years-old. On one of these occasions, he also engaged in sexual activity with a four-year-old boy, which resulted in a conviction in the Willoughby Municipal Court for sexual imposition.
The presentencing and psychiatric reports, prepared at the time appellant was originally sentenced, indicated that he was immature and compulsive, but not a pedophile. In 1998, appellant presented extensive evidence of his successful rehabilitation. He received a bachelor's degree while in prison. He completed all prison programs related to his offense, assisted in teaching sexual offender classes to inmates, volunteered for sex offender studies, and had an impeccable prison record. He has also spoken to new inmates and teen groups about sex offenders. Also in 1998, appellant presented the court with a psychological summary prepared by Dean K. Bachelor, M. Div., Psychology Assistant II, through Stephanie L. Miller, Ph. D. In his summary, Mr. Bachelor stated that appellant has successfully completed the rehabilitation programs offered to him, mentored other low functioning sex offenders, and volunteered to present at conferences and seminars. Mr. Bachelor concluded that appellant is able "to present to other offenders/addicts his experience in recovery as well as the general principles of recovery itself" and should be involved in community service. The State did not present any contradictory evidence.
On October 16, 1998, the trial court determined that, by clear and convincing evidence, appellant was a sexual predator, pursuant to R.C.2950.09(C). Appellant assigns the following assignments of error:
 "[1.] The trial court erred to the prejudice of defendant-appellant in classifying defendant-appellant as a `sexual predator' pursuant to R.C. 2950.01 et seq. because the record does not support such a determination by clear and convincing evidence.
 "[2.] The trial court erred to the prejudice of defendant-appellant in failing to consider evidence regarding his rehabilitative efforts in evaluating whether the State of Ohio proved by clear and convincing evidence that he is `likely to engage in the future in one or more sexually oriented offenses' and therefore a `sexual predator.' [sic]
 "[3.] The trial court erred to the prejudice of defendant-appellant by classifying him as a `sexual predator' in violation of the Equal Protection Clause because R.C. 2950.01 et seq. classifies individuals in a manner which is not narrowly tailored to achieve, or even rationally related to, the government interest sought to be advanced.
 "[4.] The trial court erred to the prejudice of defendant appellant where the requirement of R.C. 2950.01 et seq. that a trial court apply conflicting burdens of proof is void for vagueness and violates due process.
 "[5.] The trial court erred to the prejudice of defendant-appellant because application of R.C. 2950.01 et seq. is in violation of his right to privacy as guaranteed by the United States Constitution."
 In assignments of error three, four, and five, appellant asserts that Ohio's sexual predator statute is unconstitutional. With regard to his constitutional arguments, each of these arguments has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook
(1998), 83 Ohio St.3d 404. Thus, these assignments are without merit.
We will address appellant's first two assignments of error together. In these assignments, appellant asserts that the trial court erred by labeling him a sexual predator without clear and convincing evidence and that it failed to consider the overwhelming evidence that he had been rehabilitated.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Before adjudicating the offender as a sexual predator, the trial court must determine by clear and convincing evidence that the offender is a sexual predator; i.e. that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.09(C)(2)(b).
"[T]he trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (Mar. 28, 2001), 91 Ohio St.3d 158, 166. Thus, the trial court must weigh all the relevant factors, including an offender's efforts at rehabilitation, when determining whether an offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(2)(f).
"The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C.2950.09(B)(2) in making his or her findings." Cook,83 Ohio St.3d at 426. "However, we would suggest for purposes of appellate review that it would be better practice for the trial court to utilize some sort of statutory worksheet or checklist to specify its findings in relation to each of the listed statutory factors when completing its judgment entry.State v. Wantz, (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2000 Ohio App. LEXIS 6195, at *3. Further, we suggest that the trial court specify, on the record, its findings that support labeling appellant a sexual predator and its rationale in making that determination.
R.C. 2950.09(B)(2) provides that in making its determination as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contribute to the offender's conduct."
 In the instant case, the court made the following findings, after considering the factors set forth in R.C. 2950.09(B)(2): (a) appellant was between fifteen and seventeen years of age at the time of the offenses; (b) appellant had no previous criminal record, but had a contemporaneous record of sexual imposition with a four-year-old boy; (c) the victim was eight years of age, but the evidence showed that appellant perpetrated these offenses on her from the age of three to the time she was eight; (f) appellant was charged and subsequently convicted of sexual imposition in the Willoughby Municipal Court; (h) there were multiple events of sexual activity, including intercourse in the instant case and there was also another victim; (i) appellant displayed cruelty, this was a family relationship, and appellant threatened the victim not to tell anyone, because they both would get into trouble.
While the court stated, at the sexual predator determination hearing, that it considered the litany of matters set forth in the statute and credited the appellant for his efforts at rehabilitation, it did not truly consider appellant's rehabilitation efforts in determining his potential risk of recidivism. Despite the trial court's acknowledgment, at the sexual predator determination hearing, that the issue was whether the offender posed a probable threat to society, it stated that it was unable to make such a finding. While we recognize that the determination of whether an offender is likely to engage in the future in one or more sexually oriented offenses may be difficult, R.C. 2950.01(E) mandates that the trial court make such a determination in order to adjudicate an offender a sexual predator.
Instead, the court found appellant to be a sexual predator based solely on its determination "that he was a threat when he entered prison and that's the reason why he was given a prison sentence." This logic precludes the need for a sexual predator hearing. "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." Eppinger, supra, at 166.
Upon review of the record, we conclude that the trial court's determination that appellant is a sexual predator is not supported by clear and convincing evidence. While the conduct for which appellant is imprisoned was reprehensible, the record is devoid of any indication that appellant is likely to engage in one or more sexually oriented offenses in the future.
In State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2000 Ohio App. LEXIS 6191 at *3, we noted that "R.C. 2959.09 does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator. King, supra, citing State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 16664, unreported. Similarly, R.C. 2959.09 does not permit a trial court to ignore one factor — especially one, which overwhelmingly demonstrates that an offender is unlikely to recidivate.
We recognize that several of the factors set forth in R.C. 2950.09(B)(2), which were considered by the court, do apply to appellant's conduct at the time of the offenses. However, in light of appellant's extensive efforts at rehabilitation, those factors do not support the trial court's conclusion that appellant is likely to engage in sexually oriented offenses in the future. In fact, the record demonstrates that appellant completed all the prison programs related to his offense, assisted in teaching sexual offender classes to other inmates, volunteered for sex offender studies, and had an impeccable prison record. Thus, appellant's first and second assignments of error have merit.
Based on the foregoing, the decision of the trial court is reversed.
JUDGE ROBERT A. NADER, FORD, P.J., CHRISTLEY, J., concur.